*CLOSED*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL T. McRAITH, : | |
| : | Civil Action No. 10-3351 (SRC) |
| Plaintiff, : | |
| : | **OPINION & ORDER** |
| v. : | |
| : | |
| LEADING EDGE GROUP HOLDINGS, : | |
| INC. et al., : | |
| : | |
| Defendants. : | |

**CHESLER**, District Judge

      Defendants UBS Financial Services Inc. and UBS Bank USA (collectively, "UBS") have moved to dismiss the Complaint filed on June 30, 2010 by Plaintiff, Michael T. McRaith ("Plaintiff" or "McRaith"), Director of Insurance for the State of Illinois. UBS seeks dismissal of this action for lack of subject matter jurisdiction. It initially argued that the Court lacked jurisdiction pursuant to 21 U.S.C. § 853, which governs criminal forfeitures, but for reasons that will become apparent below, shifted its reliance to the Civil Asset Forfeiture Reform Act, 18 U.S.C. § 981. In light of the justified raising of new arguments by UBS in its reply brief, the Court permitted McRaith to file a sur-reply. The Court has considered the papers filed by the parties and rules on the written submissions and without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, the Court will grant the motion to dismiss.

**I.   BACKGROUND**

      Plaintiff McRaith is the liquidator of certain Illinois payroll companies which were owned by Allen Hilly (the "Illinois companies"). McRaith had in May 2009 obtained a default

judgment on behalf of the Illinois companies against Leading Edge Group Holdings, Inc. ("Leading Edge"), a New Jersey company which was also owned by Hilly, based on the wrongful transfer of funds from Hilly's Illinois companies ultimately to UBS accounts held by Leading Edge (the "Leading Edge accounts"). The default judgment was issued by the court of the State of Illinois. UBS has maintained that the Leading Edge accounts to which funds were transferred had been pledged as collateral for a credit line UBS extended to Leading Edge. The Complaint acknowledges that the Leading Edge accounts were pledged as collateral, but alleges that UBS knew or should have known that the transferred funds were wrongfully transferred by Hilly, through Leading Edge, and thus UBS cannot claim a lien or security interest in those funds.

The Complaint before the Court seeks a declaratory judgment that UBS cannot claim a security interest in the funds wrongfully transferred to the Leading Edge accounts at UBS and that McRaith has a superior interest in the funds vis-a-vis UBS.[1] At the time the Complaint was filed, and as pled therein, the funds that are the subject of this lawsuit had been seized by the Government in connection with a criminal action captioned United States of America v. Allen Hilly, 07-35 (SRC) (hereinafter the "Hilly action"). McRaith's Complaint alleges:

---

[1] The Court notes that McRaith had previously filed another similar action asserting a claim on behalf of the Illinois companies over the funds transferred to Leading Edge. That action, docketed in this Court as Civil Action No. 08-5857, was pled in the nature of interpleader, pursuant to 28 U.S.C. § 1335(a). The Court dismissed it by Order of February 9, 2010 for lack of subject matter jurisdiction. The Court's February 9, 2010 Order also held that, apart from a lack of jurisdiction under 28 U.S.C. § 1335(a), the action failed to satisfy the requirements of diversity jurisdiction, under 28 U.S.C. § 1332(a), because named defendant Cooney & Conway was admittedly not diverse from Plaintiff. Plaintiff has not named Cooney & Conway as a defendant in the action at bar.

> The subject matter of this suit is $14,267,007.08 that was wrongfully transferred by wire from ECVI and AEG in Illinois to a Leading Edge bank account at Bank of America, and then from Leading Edge's bank account to UBS. This Court has already asserted jurisdiction over the wrongfully transferred funds by virtue of its December 13, 2006 seizure warrant and August 31, 2007 Consent Order, both in the case of *U.S. v. Hilly*, No. 07-cr-00035-SRC . . .

(Compl. ¶ 11.) The Hilly action was, however, subsequently abated due to the September 20, 2010 death of the criminal defendant. On September 30, 2010, the Government initiated civil forfeiture proceedings against the same funds at issue in the Hilly action. That action is captioned United States of America v. $7,599,358.09, et al., Civil Action No. 10-5060 (SRC) (hereinafter the "civil forfeiture action.") The civil forfeiture action alleges:

> 1. This is a civil in rem action brought to enforce the provisions of 18 U.S.C. § 981(a)(1)(C), which subjects to forfeiture to the United States all property, real or personal, which constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1343, which is an offense constituting specified unlawful activity as define in 18 U.S.C. § 1956(c)(7) . . .
>
> 2. The defendant property consists of the following properties:
>
> (a) $7,599,358.09, plus accrued interest and dividends, contained in account number RF24073H5 in the name and/or benefit of Leading Edge Group Holdings at UBS Financial Services, located at 333 Earle Ovington Blvd., Suite 600, Mitchell Field, New York (the "First UBS Account");
>
> (b) $6,932,966.44, plus accrued interest and dividends, contained in account number RF54379H5 in the name and/or benefit of Leading Edge Group Holdings at UBS Financial Services, located at 333 Earle Ovington Blvd., Suite 600, Mitchell Field, New York (the "Second UBS Account"); and
>
> (c) $906,471.21 contained in account number 4208040808 in the name of Leading Edge Group Holdings at Bank of America, located at

>>5701 Horatio Street, Utica, New York 13502 (the "Bank of America Account") . . .

(Civil Forfeiture Action Compl., ¶¶ 1-2.)

## II.   DISCUSSION

This motion to dismiss for lack of subject matter jurisdiction is governed by Federal Rule of Civil Procedure 12(b)(1). UBS does not challenge subject matter jurisdiction based on the face of the pleading, meaning that based on the claims pled and parties named, this Court lacks diversity jurisdiction as Plaintiff asserts. Quite apart from the pleading, UBS challenges the existence of subject matter jurisdiction in fact, based on the pendency of a civil forfeiture proceeding concerning the same property over which Plaintiff seeks an adjudication of rights in this action. *See, e.g., Mortensen v. First Fed. Sav. & Loan Assoc.*, 549 F.2d 884, 891 (3d Cir. 1977) (drawing distinction between facial and factual attack on subject matter jurisdiction under Rule 12(b)(1)). In considering a factual Rule 12(b)(1) motion, the Court "can look beyond the pleadings to decide factual matters related to jurisdiction." *Cestonaro v. United States*, 211 F.3d 749, 752 (3d Cir. 2002). The plaintiff bears the burden of persuasion to show subject matter jurisdiction exists when it is challenged under Rule 12(b)(1). *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir.1991).

The Government is pursuing a civil forfeiture action pursuant to the Civil Asset Forfeiture Reform Act ("CAFRA"), 18 U.S.C. § 981, concerning the very same funds to which Plaintiff asserts rights in this case. CAFRA provides that "property taken or detained under [section 981] shall not be repleviable, but shall be deemed to be in the custody of the Attorney General, the Secretary of the Treasury, or the Postal Service, as the case may be, *subject only to*

*the orders and decrees of the court or the official having jurisdiction thereof.*" 18 U.S.C. § 981(c) (emphasis added). The Court acknowledges Plaintiff's argument that this action is not an *in rem* proceeding in which Plaintiff seeks disbursement of the seized funds but rather an *in personam* action which seeks the Court's ruling on the competing rights of Plaintiff and UBS to the funds. In the Court's view, McRaith's creative approach to pleading his claim nevertheless amounts to a claim over rights to recover the seized funds. The only practical effect of a judgment in this action would be in essence for replevin of the funds.

      The civil forfeiture action provides an appropriate, and indeed exclusive, forum to resolve disputes over the funds and to adjudicate *all* claims to the funds seized, not merely those of one claimant - here McRaith - to the exclusion of any others, such as the United States Government. Apart from the clear language of CAFRA, vesting exclusive jurisdiction over seized funds to the court presiding over the civil forfeiture action, entertainment of Plaintiff's declaratory judgment action would at best amount to the inefficient and piecemeal resolution of claims to the funds. Proceeding with this action could indeed result in determinations at odds with the forfeiture action's resolution of claims and potentially prejudice the interests of other claimants, including importantly the interests of the United States.

      For similar reasons, consolidation of this action with the civil forfeiture action under Federal Rule of Civil Procedure 42, which was requested by Plaintiff in his sur-reply brief, is also inappropriate. This action, focused on the claim of only one of many potentially interested parties, would continue to exist and proceed in tandem with the civil forfeiture action. It is well-settled that actions retain their separate identities even after consolidation. *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496-97 (1933); 9A Wright & Miller 9 Wright & Miller, Federal Practice

and Procedure: Civil 3d § 2382, at 10 (2008).  Interpreting the effect of consolidation under a predecessor provision to Rule 42, the Supreme Court held that "consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another."  *Johnson*, 289 U.S. at 496-97.  The Supreme Court's holding in *Johnson* "remains the 'authoritative' statement of the law on consolidation."  *Newfound Management Corp. v. Lewis*, 131 F.3d 108, 116 (3d Cir. 1997) (citing Wright & Miller).  Plaintiff offers no persuasive reason why his suit, dealing with the interests of a lone claimant, should co-exist apart from or consolidated with a civil forfeiture action which could comprehensively deal with all claims to the funds.

Accordingly, this Court finds that it lacks subject matter jurisdiction over this Complaint.

### III. ORDER

For the foregoing reasons,

**IT IS** on this 1st day of November, 2010,

**ORDERED** that the Complaint is hereby **DISMISSED** for lack of subject matter jurisdiction.

   s/ Stanley R. Chesler
Stanley R. Chesler, U.S.D.J